IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   17-95 |
| NOELIO PAZ-VALDEZ,<br>    a/k/a "Moelio Paz-Valdez,"<br>    a/k/a "Noelio Osbil Paz Valdez,"<br>    a/k/a "Janson Hilberto,"<br>    a/k/a "Janson G. Estrada Aguilar,"<br>    a/k/a "Hanson Estrada Aguilar" | : | |

## GUILTY PLEA MEMORANDUM

**I.    INTRODUCTION**

On February 16, 2017, defendant Noelio Paz-Valdez was charged by Indictment with one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).   The defendant, a native and citizen of Guatemala, was deported from the United States on or about October 12, 2007 and May 12, 2010, and was subsequently found in the United States, having knowingly and unlawfully reentered the United States without first applying for admission to the Attorney General of the United States or her successor, the Secretary for the Department of Homeland Security.   Defendant Paz-Valdez, through counsel, Maranna Meehan, Esquire, has indicated a desire to plead guilty to the Indictment.   There is no plea agreement.   A change of plea hearing has been scheduled for Tuesday, April 25, 2017 at 10:00 a.m.

**II.    ELEMENTS OF THE OFFENSE**

Title 8, United States Code, Section 1326 provides the following in pertinent part:

(a) . . . any alien who —

1

>(1) has been denied admission, excluded, deported or removed, and thereafter
>
>(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission;. . . [is guilty of an offense against the United States].

To prove a violation of 8 U.S.C. § 1326(a), the government must prove the following essential elements:[1]

    1.    The defendant is an alien;[2]

    2.    The defendant was deported;

    3.    Defendant thereafter entered, attempted to enter, or was found in the United States; and

    4.    Defendant did so without having obtained permission from the Attorney General or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

See United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1996); United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir. 1994).

---

[1] Section 1326 sets forth a general intent crime and the government need only prove that an alien's act of entering the United States was voluntary. Voluntariness and general intent to enter the country can be inferred from the alien's presence in the United States and need not be alleged in the indictment. United States v. San Juan-Cruz, 314 F.3d 384, 390 (9th Cir. 2002); United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001).

[2] The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

### III.    MAXIMUM PENALTY

The statutory maximum penalty for a violation of 8 U.S.C. § 1326(a), when enhanced under subsection (b)(2), because his removal was after a conviction for a felony, is 20 years imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.[3]

### IV.    FACTUAL BASIS FOR PLEA

If this case were to proceed to trial, the government would be able to prove each element of the charged offense.   In summary, the government would prove the following facts:

According to his alien file, Paz-Valdez is a native and citizen of Guatemala.   There is no evidence in his alien file that he is a citizen or national of the United States.

On October 12, 2007, Paz-Valdez was removed from the United States to Guatemala.   In connection with this removal, immigration officials executed a Form I-205, Warrant of Deportation/Removal, which contains the defendant's name, signature, alien number, photograph and fingerprint.   Prior to the removal, immigration officials served Paz-Valdez with an I-294, Warning to Alien Ordered Removed or Deported, dated October 9, 2007, which warned him that he was prohibited from entering, attempting to enter or being in the United States for a period of ten years from the date of his deportation.   The I-294 also noted that Paz-Valdez was required to request and obtain permission from the Attorney General to reapply for admission to the United

---

[3]  On January 14, 2010, Paz-Valdez pleaded guilty to Forging a Public Record, in violation of Virginia Criminal Code 18.2-168, in the Fairfax County Circuit Court and was sentenced to 2 years' imprisonment (all suspended) and two years' probation.

3

States following his deportation and that illegal reentry was a crime under 8 U.S.C. §1326 and punishable by two to twenty years' imprisonment.

On February 1, 2010, Paz-Valdez was encountered by ICE officials in Fairfax County, Virginia.   ICE officials read him his *Miranda* rights and he agreed to waive them by signing the Declaration/Waiver of Rights.   Paz-Valdez admitted that he was a citizen of Guatemala and that he last entered the United States in 2009 without inspection by an immigration official.   He also admitted that he had previously been deported from the United States and that he did not apply to the Attorney General for permission to re-enter the United States after his removal.   ICE officials reinstated his prior order of removal and Paz-Valdez signed the I-871, Notice of Intent/Decision to Reinstate Prior Order, indicating that he did not wish to make a statement contesting that determination.

On February 24, 2010, Paz-Valdez was charged by Criminal Complaint with Reentry after Deportation, in violation of 8 U.S.C. § 1326(a), in the Eastern District of Virginia.   He was arrested on the warrant on the following day, February 25, 2010.   On March 25, 2010, he was indicted for the same offense.   On April 1, 2010, he pleaded guilty and was sentenced to time-served (35 days).

On May 12, 2010, Paz-Valdez was deported for the second time to Guatemala. Immigration officials executed a Form I-205, Warrant of Deportation/Removal, in connection with the defendant's deportation.   Prior to his removal, immigration officials served Paz-Valdez with an I-294, Warning to Alien Ordered Removed or Deported, dated April 13, 2010.

On January 17, 2017, Paz-Valdez turned himself in to ICE officials at the Berks County ICE office in Leesport, PA.

A representative of the United States Citizenship and Immigration Services ("USCIS") would testify that USCIS has no record of the defendant applying for or receiving permission from the United States Attorney General or her successor, the Secretary for the Department of Homeland Security, for admission into the United States after his removal.

Lastly, the government would offer the testimony of a Fingerprint Specialist from the Department of Homeland Security that the fingerprint taken from the defendant by ICE officials on January 17, 2017 matches the fingerprint on the Form I-205, Warrant of Removal/Deportation, from his removal on October 12, 2007.   The print on the I-205 from his removal on May 12, 2010 was deemed "too poor in quality for comparison."   However, the May 2010 Form I-205 also has the defendant's alien number, photograph and name (aliases: "Moelio Paz-Valdez," "Noelio Osbil Paz Valdez," "Janson Hilberto," "Janson G. Estrada Aguilar," "Hanson Estrada Aguilar"), which matches the information contained on the Form I-205 from his October 12, 2007 removal, and the information contained throughout his A-File.

V.	**CONCLUSION**

The United States respectfully submits that this summary of evidence provides a factual basis for a guilty plea by the defendant to Count One of the Indictment charging him with reentry into the United States after deportation, in violation of Title 8, United States Code, Section 1326(a) and (b)(2). The United States also respectfully requests that the Court accept his plea of guilty to the Indictment.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


  /s/ Katherine E. Driscoll
KATHERINE E. DRISCOLL
Special Assistant United States Attorney

Dated: April 25, 2017

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Guilty Plea Memorandum has been served by hand delivery upon the following:

    Maranna Meehan, Esquire
    Federal Community Defender Office
    Suite 540 West, Curtis Center
    Independence Square West
    Philadelphia, PA 19106

    /s/ Katherine E. Driscoll
    KATHERINE E. DRISCOLL
    Assistant United States Attorney

Dated: April 25, 2017